948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl Anders ECKSTROM, Petitioner-Appellant,
v.
Allan A. STAGNER, Superintendent; Attorney General for the
State of California, Respondents-Appellees.
 No. 90-55726.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1991.
Decided Dec. 3, 1991.
 
 Before HUG, WILLIAM A. NORRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carl Anders Eckstrom, a California state prisoner, appeals the district court's denial of his habeas corpus petition, 28 U.S.C. § 2254, challenging his murder convictions in Orange County. We remand to the district court with instructions to conduct an evidentiary hearing on the ineffective assistance of counsel claim.
 
 
 3
 Eckstrom contends he was denied effective assistance of counsel because his trial counsel "committed a key error" when he stipulated that Dr. Pollack, a psychiatrist who was scheduled to testify for the defense in support of Eckstrom's diminished mental capacity defense, could also testify during the guilt phase of the trial as a prosecution witness on the issue of Eckstrom's sanity. Eckstrom claims that Dr. Pollack's resulting testimony suggesting that Eckstrom did have diminished mental capacity, but also claiming that he was not insane, confused the mental state issue. He also argues that this stipulation undermined the adversarial process, claiming that the defense trial counsel was unable to cross-examine Dr. Pollack effectively, as doing so would undermine the defendant's own witness for the diminished capacity defense.
 
 
 4
 In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's conduct fell below the objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955) ).
 
 
 5
 Although the judgment appealed from was the district court's denial of Eckstrom's habeas corpus petition, we first review the legal analysis set forth in the magistrate judge's report and recommendation to the district judge. See U.S. Dominator v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1102-03 (9th Cir.1985); Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454-55 (9th Cir.1983). Because the magistrate judge was under the misapprehension that Eckstrom could receive the death penalty, he evaluated the defense strategy in that context. Specifically, the magistrate judge stated:
 
 
 6
 In these circumstances, the strategy would be to keep [Eckstrom] out of the gas chamber by way of insanity and/or diminished capacity pleas. This, in fact, was the tactic adopted. Dr. Pollack supported the diminished capacity defense, and this undoubtedly saved petitioner from execution.... This strategy succeeded in saving petitioners life.... [Eckstrom] is fortunate to have escaped execution.
 
 
 7
 As Eckstrom had no possibility of being sentenced to death, because at the time of the killings the death penalty statutes were unconstitutional, the magistrate judge's evaluation of the defense counsel's trial strategy cannot stand.
 
 
 8
 In addition, the manner in which Dr. Pollack was called and allowed to testify, both for the defense on diminished capacity and then for the prosecution on the insanity issue, was serious error on the part of counsel. The fact that defense counsel stipulated to this may have seriously damaged the counsel's ability to advocate diminished capacity. The effectiveness of such a strategy is further undermined by the fact that the insanity question was not at issue at that stage of the trial.
 
 
 9
 Because we conclude that Eckstrom raises a colorable claim of ineffective assistance of counsel and there has not been a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing on this matter. See Smith v. McCormick, 914 F.2d 1153, 1170 (9th Cir.1990).
 
 
 10
 REMANDED for further proceedings consistent with the above.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3